FRUGÉ, Judge.
This is a suit for a deficiency judgment against two co-makers of a promissory note. The defendants, Raywood Vincent and Helen Denlenger, are co-makers of a promissory note which represents the purchase price of a mobile home trailer purchased by one of the defendants from Albert LeBlanc Mobile Homes, Inc.
The original note was transferred by Albert LeBlanc Mobile Homes to the plaintiff-appellee, Commercial Credit Corporation. When the purchasers failed to make payments due on the note for the months of January and February of 1970, the plaintiff-appellee instituted executory proceedings. The mobile home was seized and sold under executory process for a price less than the outstanding indebtedness. Following the sale, the appellee instituted the present action wherein a deficiency judgment was sought against the makers of the note.
*64 Following a trial on the merits, the District Court rendered judgment in favor of the plaintiff, Commercial Credit Corporation, and against the defendant, Raywood Vincent, who had answered the suit. A default judgment was subsequently confirmed against the other defendant, Helen Denlenger. This appeal was subsequently perfected by the defendant, Raywood Vincent. We affirm.
The facts of this case, as related above, are not disputed. This appeal presents a single issue for our consideration. The appellant contends that the endorsement of the promissory note by the President of Albert LeBlanc Mobile Homes, Inc., negotiating the note to Commercial Credit, though in authentic form, did not contain, nor was there attached to it, a resolution or certified copy of the Board of Directors of the transferor authorizing the endorsement and transfer by the President. The appellant contends that the failure of the plaintiff to attach a certified copy of the Board Minutes, authorizing this transfer, is fatally defective to the executory proceedings.
Article 2635 of the Louisiana Code of Civil Procedure requires the plaintiff to attach to his petition for executory process all necessary, authentic evidence. Nowhere in this article is there contained any requirement that the plaintiff submit authentic proof of his capacity to negotiate the instrument. Article 2636 of the Louisiana Code of Civil Procedure requires, among other things, that a copy of a resolution of the Board of Directors, or other governing board of a corporation, authorizing the execution of a mortgage on its property certified in accordance with the provisions of R.S. 13:4103, be submitted with the petition. The appellant analogizes this requirement to the facts of this case. We think that the analogy is invalid.
We know of no requirement in the statutes or the jurisprudence which requires that the plaintiff must submit with his petition authentic evidence of the capacity of the endorser of the note.
The holder of this note submitted the promissory note which was executed in authentic form, and also submitted authentic proof of the transfer of the note from the original holder to the plaintiff. Insofar as the authentic proof necessary to prove the chain of transfer of the promissory note is concerned, we think this is sufficient. We have not been shown any requirement in our law which would make it necessary for the officer of a mortgagee corporation who transfers a negotiable instrument to show that he is authorized by the Board of Directors to make each specific transfer. The fact that he appears in his representative capacity before a notary public and two witnesses and executes the transfer of the note in authentic form, is sufficient authentic evidence under our law to support an executory proceeding.
For the reasons stated hereinabove, the judgment of the trial court is affirmed. All costs to be made by the defendant-appellant.
Affirmed.